IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-CR-30052 |
| ) | |
| TERMASS A. PLEASANT, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Termass Pleasant's *pro se* Motion for Compassionate Release (d/e 98) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is SUMMARILY DENIED.

### I. BACKGROUND

On December 16, 2016, Defendant was sentenced to 60 months' imprisonment followed by four years of supervised release for possession of methamphetamine with intent to distribute. After being released and beginning his term of supervised release, Defendant's supervised release was revoked on January 3, 2020.

He was sentenced to 15 months' imprisonment, followed by three years of supervised release.  He recommenced his supervised release on September 17, 2020.

On January 19, 2021, however, the Court issued a summons on a Petition for Revocation for Defendant.  The Petition for Revocation alleged that Defendant possessed and used methamphetamines, amphetamines, cocaine, and marijuana.  On April 14, 2021, Defendant waived his right to a revocation hearing and conceded that the Court could make a finding that he violated his supervised release.  This Court revoked Defendant's supervised release and sentenced him to 21 months' imprisonment, followed by a three-year term of supervised release.

Additionally, on January 22, 2021, Defendant was arrested by Illinois state authorities during a traffic stop.  He was subsequently charged with drug-related offenses in Fulton County Circuit Court, Case Number 21-CF-12.  He was sentenced to one year and six months' imprisonment.  Defendant is currently in the custody of the Illinois Department of Corrections serving his state sentence.  Defendant and has a projected parole date from his state sentence of January 14, 2022.  Defendant does not yet have a projected

release date from federal custody, but from the record, the Court assumes he will be moved to federal custody and imprisoned by the Federal Bureau of Prisons to complete his federal revocation sentence following his release from state custody.

On August 6, 2021, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See d/e 98. Defendant's pro se motion seeks compassionate release due to his health issues and the COVID-19 pandemic.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the

enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier.  The statute now provides:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Seventh Circuit has held that the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) "is a mandatory claim-processing rule and therefore must be enforced when properly invoked." United

States v. Sanford, 986 F.3d 779, 782 (7th Cir. 2021). An inmate must exhaust all grounds on which he seeks to base his motion for compassionate release in order to satisfy the exhaustion requirement. United States v. Williams, 987 F.3d 700, 704 (7th Cir. 2021) ("The exhaustion requirement is designed to allow the Bureau to bring 'a motion on the defendant's behalf,' before he moves on his own behalf. And the Bureau cannot determine whether it should bring a compassionate-release motion if an inmate does not explain in his request the ground justifying his release." (quoting § 3582(c)(1)(A)).

In this case, Defendant admits that he has not filed any requests with the BOP, but he argues that he cannot exhaust any administrative remedies because he is being held in a non-federal facility. Other courts that have addressed this issue have found that prisoners being housed in non-federal facilities should be excused from the exhaustion requirement. See Albury v. United States, 496 F. Supp. 3d 974, 979 (E.D. Va. 2020) (collecting cases and holding that a compassionate release petitioner in a non-BOP facility "is unable to exhaust his administrative remedies since there is no BOP Warden" and the Government had not identified

any alternative available administrative procedures).  Because the Court finds below that the motion must be dismissed on its merits regardless of whether the exhaustion requirement is satisfied, and because the issue has not been briefed, the Court declines to rule on whether the exhaustion requirement may be waived or otherwise considered satisfied in this circumstance.

Having considered the applicable factors set forth in 18 U.S.C. § 3553(a), the Court finds that Defendant has not satisfied the requirements for compassionate release.  Defendant argues that he should be released due to his asthma, sarcoidosis, bronchitis, and sickle-cell trait, as well as because he had a cyst removed from his chest in 2016.  He argues that these conditions both individually and combined put him at risk of serious illness should he contract COVID-19.  This argument is unconvincing.  Defendant admits that he did contract COVID-19 while he was on supervised release in November 2020, but the record does not show that he suffered serious illness.  Moreover, the Seventh Circuit has recently held that unless a prisoner "can show that he is unable to receive or benefit from a vaccine. . . the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an

'extraordinary and compelling' reason for immediate release." United States v. Broadfield, No. 20-2906, 2021 WL 3076863, at *2 (7th Cir. July 21, 2021); United States v. Ugbah, No. 20-3073, 2021 WL 3077134, at *1 (7th Cir. July 21, 2021).  Defendant has not indicated whether he has been vaccinated, but he has made no showing that he is "unable to receive or benefit from a vaccine." Accordingly, the Court finds that Defendant has not established that there exist extraordinary and compelling reasons that warrant a reduction of imprisonment.

### III. CONCLUSION

For the reasons set forth above, the Court DENIES Defendant Pleasant's pro se motion for compassionate release (d/e 98).  This ruling does not preclude Defendant from filing another motion for compassionate release in the future if circumstances change.

ENTER:  August 9, 2021

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE